UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON L. ANDERSON, | |
| Petitioner, | |
| v. | CAUSE NO.: 3:20-CV-646-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Jason L. Anderson, a prisoner without a lawyer, filed a habeas corpus petition challenging his 2001 drug conviction in LaPorte County under cause number 46D01-0010-CF-124. (ECF 4.) For the reasons stated below, the petition is denied.

I.   BACKGROUND

In deciding the petition, the court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). It is Mr. Anderson's burden to rebut this presumption with clear and convincing evidence. *Id.*

This case has a tangled procedural history. In September 2000, Mr. Anderson was charged with three counts of dealing in cocaine, two as Class A felonies and one as a Class B felony. *Anderson v. State*, 141 N.E.3d 862, 865 (Ind. Ct. App. 2020). In February 2001, he entered into a plea agreement wherein he agreed to plead guilty to the Class B felony count and one of the Class A felony counts. *Id.* In exchange, the state agreed to dismiss the third count. *Id.* The parties also agreed to a complex sentencing structure. *Id.* Specifically, on the Class B felony count, the parties agreed to a 10-year sentence, five of

which would be served in a prison work release program, and five of which would be served on probation. *Id.* On the Class A felony count, Mr. Anderson expressly waived his right to be sentenced within 30 days in accordance with Indiana law, and the parties agreed that sentencing on this count would be continued for 10 years, until March 27, 2011. *Id.* If at that time Mr. Anderson had complied with all the terms and conditions of his work release and probation, the state would move to dismiss the Class A felony count. *Id.* Conversely, if Mr. Anderson did not comply with the terms of his work release or probation at any time prior to March 27, 2011, the court would proceed to sentence him on the Class A felony count. *Id.*

In 2004, Mr. Anderson was serving his term of probation on the Class B felony count when the state filed a petition to revoke his probation. *Id.* He subsequently admitted to violating the terms of his probation. *Id.* The trial court revoked his probation and on April 6, 2006, ordered him to serve 10 years in prison on the Class B felony count, and a concurrent term of 20 years on the Class A felony count. (ECF 13-1 at 5.) Mr. Anderson did not pursue a direct appeal. (ECF 4 at 1.)

In 2011, Mr. Anderson moved to modify his sentence. *Anderson*, 141 N.E.3d at 865. The trial court granted his motion and ordered him to serve six months in the county jail, followed by 18 months of work release. *Id.* The court further ordered that if he was compliant during this period, he could serve the remainder of his prison term on probation. *Id.* In December 2012, the court entered an order requiring him to remain on probation until February 2019. (ECF 12-5 at 3.) One condition of his probation was that he not commit any additional criminal offenses. (*Id.*)

2

In 2017, the state moved to revoke his probation a second time, based on his alleged commission of new criminal offenses. *Id.* Following a hearing, the trial court revoked his probation and ordered him to serve the remainder of his sentence in prison.[1] (ECF 12-2 at 1-66.)

On appeal, Mr. Anderson argued that the trial court erred under state law in failing to sentence him within 30 days of accepting his 2001 plea agreement; that he was improperly sentenced twice on the Class B felony count in violation of the plea agreement; and that the evidence was insufficient to revoke his probation the second time. *Anderson*, 141 N.E.3d at 866-68. The Indiana Court of Appeals rejected each of these arguments. *Id.* As to the first argument, the court concluded that Mr. Anderson had expressly agreed to the delay in sentencing when he entered the plea agreement, and that his claim was thus one of "invited error," which "forecloses appellate review altogether." *Id.* at 866. As to the second argument, the court concluded that applying state law governing the interpretation of plea agreements, Mr. Anderson was not sentenced twice on the Class B felony count. *Id.* at 867. Rather, he was basing his argument on "an obvious typographical error," wherein the agreement mistakenly referred to "Count I"—the Class B felony count—even though the parties clearly intended to refer to Count II—the Class A felony count. *Id.* Finally, as to the third argument, the court found the evidence sufficient to support the revocation of Mr. Anderson's probation based on the fact that he was convicted of a federal firearms

---

[1] In the state proceedings, Mr. Anderson's counsel calculated that by the time he completes his sentence, he will have served approximately 10 years in prison and 8 years on probation. (ECF 4-1 at 11.)

3

offense while on probation.² *Id.* at 868. Mr. Anderson sought transfer to the Indiana Supreme Court, but his petition was denied. (ECF 11-6; ECF 4-1 at 32.)

In July 2020, Mr. Anderson filed his original federal petition. (ECF 1 at 14.) The petition was stricken for procedural reasons, and he was granted leave to file an amended petition. (ECF 2.) In August 2020, he filed the present petition asserting two claims: (1) he was denied "due process" when the trial court "created unreasonable delay" in sentencing him on the Class A felony count; and (2) the language of the plea agreement was "ambiguous" and the sentence imposed on the Class A felony count violated the terms of the agreement. (ECF 4 at 3.) The respondent argues that the petition must be denied because it is untimely and, alternatively, that Mr. Anderson's claims are procedurally defaulted and otherwise without merit. (ECF 11.) Mr. Anderson filed a traverse and various attachments in support of his petition. (ECF 13.)

II.   ANALYSIS

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") allows a district court to issue a writ of habeas corpus on behalf of a state prisoner who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To obtain relief, a petitioner must meet the stringent requirements of 28 U.S.C. § 2254(d), set forth as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted

---

² Mr. Anderson had also been arrested on two new state drug offenses in March 2017, but the Indiana Court of Appeals found the record unduly vague as to whether the underlying conduct resulting in those arrests had occurred during the probationary period. *Anderson*, 141 N.E.3d at 868.

4

with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

This standard is "difficult to meet" and "highly deferential." *Hoglund v. Neal*, 959 F.3d 819, 832 (7th Cir. 2020) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). "It is not enough for a petitioner to show the state court's application of federal law was incorrect; rather, he must show the application was unreasonable, which is a 'substantially higher threshold.'" *Id.* (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). In other words, "[a] petitioner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

The respondent first argues that the petition is untimely. (ECF 11 at 3-4.) AEDPA contains a strict statute of limitations, set forth as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

5

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Courts separately consider the timeliness of each claim in the petition. *Davis v. United States*, 817 F.3d 319, 327-28 (7th Cir. 2016) ("[T]he timeliness of each claim asserted in . . . a petition challenging a state-court conviction under 28 U.S.C. § 2254 must be considered independently.").

The record reflects that Mr. Anderson was sentenced on the Class B felony in March 2001, and on the Class A felony in April 2006. (ECF 11-1 at 3, 6.) The trial court's judgment became final in April 2006. *See Burton v. Stewart*, 549 U.S. 147, 156 (2007)("Final judgment in a criminal case means sentence. The sentence is the judgment."). Mr. Anderson did not pursue a direct appeal, and his conviction became final for purposes of AEDPA when the time for filing a direct appeal expired 30 days after the trial court's judgment. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (for habeas petitioners who do not complete all levels of state review, the judgment becomes final when the time for filing an appeal expires); IND. R. APP. P. 9(A) (providing that appeal is due no later than 30 days from the trial court's judgment). At that point the

6

federal clock began running, giving Mr. Anderson until approximately May 2007 to file a timely federal petition. He did not file his federal petition by that deadline, however, and instead waited 13 more year to seek federal habeas relief.

Mr. Anderson suggests in his petition that he did not know the factual predicate for his claims until years later, when he was prosecuted and sentenced on the federal firearms charges. (ECF 4 at 5.) However, the claims raised in his petition are that he was not sentenced on the Class A felony count within 30 days of the 2001 plea agreement and that the 2001 plea agreement contained a drafting error resulting in him being sentenced twice on the Class B felony count. (*Id.* at 3.) The factual bases for both of these claims would have been available and apparent to him when he was sentenced on the Class A felony count in April 2006. The fact that in 2020 he pursued an appeal related to the 2019 probation revocation proceeding does not give him the right to resurrect untimely claims related to his original sentence. *See Davis*, 817 F.3d at 327-28. The court therefore concludes that the claims in the petition are untimely.

The respondent alternatively argues that even if the petition had been timely filed, Mr. Anderson's claims are procedurally defaulted and otherwise without merit under AEDPA standards. (ECF 11 at 4-9.)

As to claim one, the respondent argues that Mr. Anderson's claim asserting a "due process" violation is procedurally defaulted because it was never raised in state court. (ECF 11 at 4-5.) Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Hoglund v. Neal*, 959 F.3d 819, 832 (7th Cir. 2020). The exhaustion

requirement is premised on a recognition that the state courts must be given the first opportunity to address and correct violations of their prisoner's federal rights. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claim in one complete round of state review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845. This includes seeking discretionary review in the state court of last resort. *Boerckel*, 526 U.S. at 848. The companion procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a claim when: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state procedural ground; or (2) the claim was not presented to the state courts and the opportunity to do so has now passed. *Davila*, 137 S. Ct. at 2064; *Coleman v. Thompson*, 501 U.S. 722, 735 (1991).

As the respondent points out, Mr. Anderson asserted a claim based on the delay in sentencing in the state proceedings, but he couched it entirely in terms of state law. Specifically, he argued that his belated sentence on the Class A felony count violated "I.C. 35-38-1-2(b) and Criminal Rule 11," which require trial courts to sentence defendants within 30 days unless there is good cause for an extension. (*See* ECF 11-3 at 9.) To properly exhaust a claim under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner must "present both the operative facts and the legal principles that control each claim" at each level of state review. *Stevens v. McBride*, 489 F.3d 883, 894 (7th Cir. 2007). This includes alerting the state court to the "federal nature" of the claim. *Baldwin*, 541 U.S. at 33. Mr. Anderson did not do that here. Instead, his challenge to his belated sentence

8

rested entirely on state law. Principles of comity preclude him from asserting a federal claim in this proceeding that he did not exhaust in state court. *Davila*, 137 S. Ct. at 2064. Nor can he reassert his claim of state-law error in this proceeding, as a claim that the state court violated state law is not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Earls v. McCaughtry*, 379 F.3d 489, 495 (7th Cir. 2004) (observing that a federal habeas court has no authority to "second-guess state courts in interpreting state law").

      The respondent argues that there is an additional procedural barrier preventing consideration of this claim. The state court rejected Mr. Anderson's challenge to his belated sentence on the ground of "invited error," a state law doctrine wherein a party is forbidden from "taking advantage of an error that she commits, invites, or which is the natural consequence of her own neglect or misconduct." *Durden v. State*, 99 N.E.3d 645, 651 (Ind. 2018) (citation and internal quotation marks omitted); *see also Campbell v. State*, 149 N.E.3d 706 (Ind. Ct. App. 2020) (concluding that appellate review was "foreclosed by the doctrine of invited error"). The Indiana Court of Appeals found, in effect, that Mr. Anderson had waived the right to seek appellate review of this issue by agreeing to the sentencing delay. *Anderson*, 141 N.E.3d at 865. A finding of waiver under state law constitutes an adequate and independent state procedural ground that bars federal habeas review. *Sturgeon v. Chandler*, 552 F.3d 604, 611 (7th Cir. 2009); *see also Bobo v. Kolb*, 969 F.2d 391, 399 (7th Cir. 1992) ("A federal court reviewing a habeas petition is required to respect a state court's finding, under state law, of waiver or procedural default."). Mr. Anderson does not present any grounds for excusing his defaults in his

9

traverse and, therefore, the court could not reach this claim on the merits even if the petition had been timely filed.

As to claim two, the respondent argues that even if claim two were timely, it has no merit under AEDPA standards. (ECF 11 at 7.) A state court decision can be challenged where it relied on an "unreasonable determination of the facts." *Alston v. Smith*, 840 F.3d 363, 370 (7th Cir. 2016) (citation and internal quotation marks omitted). Habeas relief may be granted under this provision "only if the state court decision rests upon fact-finding that ignores the clear and convincing weight of the evidence." *Id.* (citation omitted). "The decision must be so inadequately supported by the record as to be arbitrary and therefore objectively unreasonable." *Id.* (citation and internal quotation marks omitted.)

In resolving Mr. Anderson's claim, the Indiana Court of Appeals determined that the alleged "ambiguity" in the plea agreement he pointed to was merely a typographical error, wherein the parties referred to Count I (the Class B felony) even though they clearly intended to refer to Count II (the Class A felony). *Anderson*, 141 N.E.3d at 867. Specifically, Mr. Anderson pointed to the following italicized language from Paragraph 7 of his plea agreement:

> D. As to Count II . . . , [defendant] specifically waives his right to be sentenced within thirty (30) days and the cause will be continued for sentencing . . . as set forth below:
>
>> i. If, on March 17, 2011, [defendant] has complied with all terms and conditions of Probation and Work Release, the State will move to dismiss;

10

> ii. However, if at the time of the sentencing hearing, or anytime before, on motion of the State or Probation, the Court determines that [defendant] has violated the conditions of Work Release or Probation, then the parties will proceed to argue sentencing alternatives as authorized by [law] *on Count I, Dealing Cocaine, as a Class A felony.*

*Anderson*, 141 N.E.3d at 866-67.

This court must presume the facts set forth by the state courts are correct unless Mr. Anderson rebuts that presumption with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Mr. Anderson offers his own interpretation of the agreement—that the plea agreement unfairly and in violation of double jeopardy principles allowed him to be sentenced twice for the same count—but he has not demonstrated that the state court's interpretation was "so inadequately supported by the record as to be arbitrary." *Alston*, 840 F.3d at 370. Indeed, the paragraph he points to begins by referencing Count II, and ends by referencing the "Class A felony" count, which was Count II of the information. (*See* ECF 12-4 at 18.) Mr. Anderson's sentencing in April 2006 proceeded in accordance with this understanding of the agreement. Based on the record, the court cannot conclude that the state court's interpretation of the agreement was objectively unreasonable. Thus, this claim would not entitle him to federal habeas relief even if it had been timely asserted.

For the sake of completeness, the court notes that Mr. Anderson also presented a claim to the state courts that his probation was improperly revoked in 2019. *Anderson*, 141 N.E.3d at 867. Such a claim would be timely, but he does not appear to include it in

11

his federal petition.[3] Even if he had included this claim, the challenge Mr. Anderson raised to the revocation proceeding in the state proceedings was based on state law errors. (ECF 11-3 at 15-19.) Such arguments are not cognizable on federal habeas review. *Estelle*, 502 U.S. at 67-68.

Assuming his filings could be read to assert a federal claim that was also presented to the state courts, the court could not conclude that the revocation of Mr. Anderson's probation was objectively unreasonable. Under Supreme Court precedent, probationers are entitled to "minimum due process rights at revocation hearings," including advance written notice of the claimed violation, an opportunity to be heard in person, and a written decision explaining the reasons for the decision. *Alston*, 840 F.3d at 368 (citing *Morrissey v. Brewer*, 408 U.S. 471 (1972).) A revocation decision has "two analytically distinct components: (1) the determination as to whether the probationer violated a condition of probation; and (2) the determination as to whether to revoke probation or find another alternative." *Id.* (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782–86 (1973).

The record reflects that the trial court followed those procedures here. Mr. Anderson was given written notice of the alleged violations, appeared at an evidentiary

---

[3] The petition appears to contain a third claim that for unknown reasons is entirely blacked out. (ECF 4 at 4.) The court notes additionally that while this case was pending, Mr. Anderson filed a second habeas petition; the petition was confusing but appeared to challenge the same state conviction he was challenging in this case. *See Anderson v. Warden*, 3:20-cv-747-JD-MGG (N.D. Ind. filed Sept. 4, 2020). The court ultimately dismissed that case without prejudice to Mr. Anderson raising all his challenges to 46D01-0010-CF-124 in this case. *Id.*, ECF 5. He was expressly told that he would have to file an amended petition in this case if he wished to add any additional claims. *Id.*, ECF 2 at 2 n.1. However, he never sought leave to amend his petition in this case.

12

hearing with counsel, and was permitted to confront and cross-examine the state's witnesses and evidence. (ECF 12-2 at 1-66.) The court issued a written order explaining its decision. (ECF 12-4 at 39-42.) Mr. Anderson can hardly dispute that he violated the terms of his probation, as public records reflect that he was convicted of a new federal firearms offense while on state probation. *See United States v. Anderson*, 766 F. App'x 377 (7th Cir. 2019). There was also ample basis in the record to conclude that another term of probation was not advisable, as Mr. Anderson had already been given a second chance after having his probation revoked in 2004. *Anderson*, 141 N.E.3d at 865. For all these reasons, the petition will be denied.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). For the reasons fully explained above, Mr. Anderson's petition is untimely and his claims procedurally defaulted and otherwise without merit. The court finds no basis to conclude that reasonable jurists would debate the outcome of the petition or find a reason to encourage Mr. Anderson to proceed further. Accordingly, the court declines to issue him a certificate of appealability.

13

III.     CONCLUSION

For the reasons set forth above, the petition (ECF 4) is DENIED, and the petitioner is DENIED a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED this December 17, 2020.

s/Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge